```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        BECKLEY
```

**WILLIAM MICHAEL UNDERWOOD,**

    **Plaintiff,**

v.                                          Case No. 5:06-cv-01016

**MCDOWELL COUNTY CIRCUIT COURT,
JUDGE BOOKER T. STEPHENS, and
ASSISTANT PROSECUTING ATTORNEY
DANNY BARIE,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On December 4, 2006, Plaintiff filed a Complaint under 42 U.S.C. § 1983 (docket sheet document # 1), a Motion to Proceed <u>in forma pauperis</u> (# 2), and an Affidavit in Support Thereof (# 3). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff's Complaint alleges that he is being illegally incarcerated, due to a violation of a plea agreement entered into in a criminal proceeding in the Circuit Court of McDowell County, West Virginia. Specifically, Plaintiff alleges:

> Dec. 25, 2005 I took a plea bargain which Breaking and Entering which carries a 1 to 10 sentence along with 2 misdemeanor charges that (P.A.) Danny Barie offered. Judge Stephens went along with the plea agreement which was a request of that the charges be run concurrent and concurrent with Virginia. Also without any type stipulations having to do with W. Va.! At the time of having 21 months credit for time served on the 1 to 10 years in W. Va. My attorney Keith Flinchum reassured (me that it was going to be in Va.'s hands and whatever they chose to do was up to them after I was released to their custody.!!) After 4 months of waiting for McDowell Co. to get the sentencing order processed, I was transported to Tazwell Co., Va. by McDowell County Deputy Lyle Noe and released to Tazwell County where afterwords was released to time served and without violation of probation. About 27 days after being released from Va. I was rearrested in McDowell County stating I still had time left to serve in W. Va. without having a court hearing or any type notification of this matter! I was put back in D.O.C. custody w/o legal grounds or legal counsel to represent me. To let it be known of how McDowell County has violated the plea agreement they sentenced me to plus they have clearly violated W. Va. sentencing codes/laws as well as my civil rights.

(# 1 at 5). His prayer for relief reiterates his belief that he is illegally incarcerated and that his civil rights are being violated. He does not specifically request either money damages or release from custody. (# 1 at 6). Plaintiff has also requested that counsel be appointed to represent him in this matter. (Id. at 6).

Because Plaintiff has named Judge Stephens and prosecutor Barie as parties defendant, the undersigned assumes that he seeks money damages for the alleged violation of his civil rights. The Supreme Court has ruled that a section 1983 plaintiff must prove that his conviction or sentence has been reversed, expunged, or

2

declared invalid in order to recover damages for unconstitutional imprisonment. See Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff has not properly demonstrated that his plea agreement has been violated or his prior conviction(s) overturned. Accordingly, Plaintiff cannot bring a civil rights action for damages in this federal court.

Furthermore, the undersigned notes that Judge Stephens is entitled to absolute immunity for actions taken in his judicial capacity in matters over which he has jurisdiction. See Mireles v. Waco, 502 U.S. 9 (1991). In Mireles, the court stated:

> Although unfairness and injustice to a litigant may result on occasion, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Bradley v. Fisher, 13 Wall. 335, 347, 20 L.Ed. 646 (1872).

Id. at 9-10.

If Plaintiff believes that his plea agreement has been violated or that his present incarceration is constitutionally improper, he must exhaust the remedies available to him in the state courts before seeking habeas corpus relief in federal court. In West Virginia, prisoners may exhaust their available state remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal

from an adverse ruling to the SCAWV.  Moore v. Kirby, 879 F. Supp. 592, 593 (S.D.W. Va. 1995); McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D.W. Va. 1986).

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's section 1983 claim is barred under the principles of Heck v. Humphrey.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action without prejudice, and **DENY** without prejudice Plaintiff's Motion to Proceed in forma pauperis (# 2).

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of this "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder

4

v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

<u>     December 15, 2006     </u>  
           Date

*Mary E. Stanley*  
Mary E. Stanley  
United States Magistrate Judge